MARGARET L. MCINTIRE *vs.* RALPH H. WHITE & another.

Suffolk.    March 9, 1898. — May 19, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Assumption of Risk — Breach of Employer's Duty to Employee.*

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ as a salesgirl, it appeared that she had been sent up stairs to a room in a new part of the shop, to which the public had not had access; that on her return she took a different way from that by which she went, and started down a winding staircase which also was not open to the public at the time; that the stairs were new and had been treated with oil or shellac; that to protect them while drying a loose piece of pasteboard had been placed upon each step, not covering it quite equally, the step not being of equal width throughout; that the plaintiff tripped or slipped on one of the pieces of pasteboard when part way down the stairs, fell, and broke her ankle; and that the staircase was light, and she understood the arrangement and its purpose. *Held*, that the defendant was not guilty of any breach of duty, and that the presiding judge rightly directed a verdict for the defendant.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ as a salesgirl, from falling on a flight of stairs situated on the defendants' premises.    Trial in the Superior Court, before *Maynard*, J., who directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*G. R. Swasey,* (*E. O. Thayer* with him,) for the plaintiff.

*J. Lowell,* for the defendants.

HOLMES, J.    This is an action of tort for personal injuries. The plaintiff was in the employ of the defendants and had been sent up stairs to a room in a new part of their shop, to which the public as yet had not had access.    On her return she took a different way from that by which she went, and started down a winding staircase, which also was not open to the public at the time.    The stairs were new and had been treated with oil or shellac.    To protect them while drying a loose piece of pasteboard had been placed upon each step, not covering it quite equally, the step not being of equal width throughout.    The plaintiff tripped or slipped on one of the pieces of pasteboard

when part way down the stairs, fell, and broke her ankle. The staircase was light, and the plaintiff understood the arrangement and its purpose.

We are of opinion that these facts would not warrant a jury in finding the defendants guilty of any breach of duty, and that the presiding judge rightly directed a verdict for the defendants. There was no concealed danger. There was nothing of which the plaintiff could have been warned which she did not know already. The device adopted to protect the stairs was a familiar and proper one. There was at least no greater likelihood of harm than in the case of brass covered stairs where the brass was worn smooth. *Crafter* v. *Metropolitan Railway*, L. R. 1 C. P. 300.

*Exceptions overruled.*