JEREMIAH FENNELL *vs.* AXEL PETERSON.

Suffolk.    January 9, 1917. — January 11, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Partnership. Practice, Civil,* Discontinuance against one joint tortfeasor. *Joint Tortfeasors. Release. Negligence.*

Partners are liable jointly and severally for personal injuries resulting to a person, when rightfully upon the premises where the firm's business is conducted, from the negligent act of one of the partners committed within the scope of the partnership business.

A discontinuance, as against one of two partners, of an action of tort for personal injuries brought against both partners jointly does not operate as a release of the other partner from liability for the tort.

At the trial of an action for personal injuries, where it appears that the plaintiff was injured when he stepped backward, as he was leaving a bar room, into a trap-door which had been opened a moment before, the degree of light or darkness about the place not being plainly shown by the record, the question of the plaintiff's due care is for the jury.

TORT, originally against Axel Peterson and Carl M. Lind, co-partners doing business under the firm name of Peterson and Lind, for personal injuries caused by the plaintiff falling through an unguarded trap-door in a bar room conducted by the defendants. Writ dated January 15, 1910.

In the Superior Court the case was tried before *Lawton,* J. The material facts relating to the death of the defendant Lind and the discontinuance of the action as to his estate, and the evidence as to the plaintiff's due care are described in the opinion. The plaintiff contended and the evidence tended to show that the accident to the plaintiff was caused by the negligence of Lind alone. There was a verdict for the plaintiff in the sum of $160; and the defendant Peterson alleged exceptions.

*J. M. Browne,* (*J. T. Maguire* with him,) for the defendant Peterson.

*J. C. Woodman,* (*P. J. Madigan* with him,) for the plaintiff.

BY THE COURT.    This action of tort originally was brought against two copartners for the recovery of damages for personal injuries sustained by the plaintiff through the negligence of one of them.

Thereafter one of the defendants died, and the plaintiff discontinued as to his estate. The action was founded upon the personal conduct of the deceased copartner.

The partners were liable jointly and also severally for the wrong of one committed in the course and within the scope of the business of the firm. *Lothrop* v. *Adams,* 133 Mass. 471. *Brady* v. *Norcross,* 172 Mass. 331, 337. *McIntyre* v. *Kavanaugh,* 242 U. S. 138.

The discontinuance against one partner was not a release. It was no nearer a release than an agreement not to sue, which has been held not to be a release. *Matheson* v. *O'Kane,* 211 Mass. 91.

The question of the plaintiff's due care was for the jury. He stepped backward, as he was leaving the bar room of the defendant, into a trap-door opened a moment before. The degree of light or darkness about the place is not plainly shown by the record. The cases of *McIntyre* v. *White,* 171 Mass. 170, and *Marwedel* v. *Cook,* 154 Mass. 235, relied on by the defendant, are so clearly distinguishable that they need not be discussed.

*Exceptions overruled.*