JOHN ROUX, PRO AMI *vs.* SIMON LAWAND.

Androscoggin.    Opinion, May 22, 1932.

216

*Clifford & Clifford,* for plaintiff.
*Berman & Berman,*
*Harris M. Isaacson,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J. This action is against one Simon Lawand of Lewiston, in Androscoggin county, as the surviving partner of a partnership, alleged to have consisted of himself and his since deceased son, to recover damages for personal injuries from a tort, committed in his lifetime by the decedent, acting in the scope of the partnership business, on the plaintiff, then an employee of the firm.

The declaration in the writ is in common-law form, averring plaintiff's due care. *Nadeau* v. *Caribou, etc., Company,* 118 Me., 325.

The defendant pleaded the general issue, and seasonably denied the existence of a partnership. Court Rule X. The case was, thereupon, by consent of the parties, submitted to referees; the submission being made by a rule of court, the right to exceptions as to questions of law reserved. Court Rule XLII.

The referees found the proximate cause of the injury to the plaintiff (that is, the cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produced the injury, and without which the result would not have occurred) to have been the negligence of the copartner, in the usual course of the concern's business.

The copartner, it could have been fairly found from the evidence, while cleaning a hat in the back part of the hat cleaning and shoe shining shop of the firm, struck a match to light a cigarette, and got the hat afire. He threw the bruning hat to the floor; then picked it up, and flung it toward the sink, where it fell into a pail of inflammable fluid, which burst into flames. He took up the pail of blazing liquid and hurled the contents through a doorway, or opening, into a small compartment between the hat cleaning room and the shoe shining stands. The plaintiff, who had changed to working clothes, was in this compartment, standing before a mirror and combing his hair, previous to beginning his usual daily work shining shoes. Seeing the act of his employer, plaintiff started to run, but did not escape the flames; he was severely burned about the back and legs.

The referees further found that no negligence by the injured party combined as an efficient cause with the negligence of the injurer in producing the injury.

Damages were awarded in the sum of $4,500.

The copartner himself was fatally burned, dying before the commencement of the suit.

Defendant objected in writing to the acceptance of the report of the referees. Court Rule XXI. The report was accepted and an exception saved.

The substantial questions of law the exceptions raise are readily reducible to these: (1) Whether the plaintiff's testifying, over objection, before the referees, on examination in chief, to facts that transpired before the death of the copartner, was prejudicial to the defendant. The thesis of this exception is that the expression, "legal representative of a deceased person," as used in Revised Statutes, Chapter 96, Section 119, Paragraph II, includes a surviving partner, sued as such. (2) Whether there was legally competent evidence tending to establish facts from which it could have been inferred in an action of tort (where the doctrine of a partnership by estoppel does not apply) that a partnership actually existed.

Both questions must be answered adversely to the defendant.

The general doctrine of the joint and several liability of joint principals for torts applies to partnerships.

Partners are liable jointly, and also severally, for the tortious acts of a copartner done in the line of, or reasonable scope of, the partnership business, whether they personally participate therein, or have knowledge thereof, or not. *Head* v. *Goodwin,* 37 Me., 181, 190; *Lothrop* v. *Adams,* 133 Mass., 471, 479; *Brady* v. *Norcross,* 172 Mass., 331, 337; *Fennell* v. *Peterson,* 225 Mass., 598; *Teague* v. *Martin,* 228 Mass., 458; *McIntyre* v. *Kavanaugh,* 242 U. S., 138, 61 Law Ed., 205.

If a partnership is liable for a tort, each member thereof is individually liable, and an action may be maintained against a member of the partnership as a joint tort-feasor. The theory is that of agency. *Locke* v. *Stearns,* 1 Met., 560; *Staples* v. *Sprague,* 75 Me., 458. The test as to the liability of the firm for the tort of a partner is the question of agency; and generally the firm is liable if it would have been liable had the same act been committed by an agent intrusted with the management of the business. *Lothrop* v. *Adams,* supra.

One sued as surviving partner of a partnership, dissolved by the death of his partner, for a tort committed by that partner, represents only himself. He is not the legal representative of a deceased person. Judgment, if recovered, will go against him as an individual, and not against him in any representative capacity. *Holmes*

v. *Brooks*, 68 Me., 416, involved an inquiry of kindred character.

Whether a partnership exists is an inference of law from the established facts. *Bailey Company* v. *Darling*, 119 Me., 326.

The plaintiff had the burden of proving that partnership in fact existed. *Bailey Company* v. *Darling*, supra.

The testimony was conflicting as to whether a partnership, in which the defendant and decedent were partners, existed after July, 1927. Admittedly, for some years prior to 1919, defendant and his now dead son had been partners at 255 Lisbon street, Lewiston, in a business similar to that being carried on at the time of the injury done the plaintiff. Defendant, there was testimony, sold his share of this business to an Italian, who, with the now deceased son of the defendant, continued to run it. In 1920, another son of the defendant opened a shoe shining establishment at 39 Lisbon street, where shortly afterwards, he and his father became partners. In 1921, the business at 255 Lisbon street was sold to one Vyr; and the since deceased son of defendant, who had been conducting it, came into business with his father and brother, at 39 Lisbon street; this was the place where plaintiff was injured, on August 1, 1930.

The partnership at 39 Lisbon street continued at least to 1926, when the son who had opened the shop removed to Augusta.

Whether, later, still another son was admitted to the partnership, and subsequently withdrew, or dissolution of the partnership was contemplated but never consummated, or the partnership was dissolved, or a new partnership, inclusive only of those who had been members of the first partnership, was formed, were disputed propositions before the referees.

Viewing the testimony, as the plaintiff was entitled to have it viewed, in the light most favorable to him, and giving him the benefit of every inference to be drawn therefrom, evidence tended to sustain that, as between the defendant and the deceased person, at the time of the unfortunate disaster, there was that community of interest and of property, which, in general, constitutes partnership. *Barrett* v. *Swann*, 17 Me., 180; *Staples* v. *Sprague*, supra; *Bailey Company* v. *Darling*, supra.

The decision of the referees, as to both law and fact, was treated, and correctly, when their report was under consideration for acceptance, as final.

*Exceptions overruled.*