## SARAH J. CROMARTY *vs.* CITY OF BOSTON.

Suffolk. March 11; October 16, 1878. — September 2, 1879.

A cover, made partly of glass and partly of iron, forming a portion of the surface of a sidewalk in a city, and so changed by wear as to become smooth and slippery, on which a traveller, using due care, slips and falls solely by reason of its smoothness, cannot be held, as matter of law, not to be a defect in a highway, for which the city is liable under the Gen. Sts. c. 44, § 22.

TORT for personal injuries occasioned to the plaintiff by a defect in Tremont Street in the defendant city. Answer, a general denial. Trial in this court, before *Lord,* J., who reported the case for the consideration of the full court in substance as follows:

The plaintiff offered to prove that Tremont Street was a public highway, with sidewalks for travel by people on foot, which

sidewalks the defendant was bound to keep in repair, and safe and convenient for persons travelling thereon; that that part of the sidewalk adjacent to the shop numbered 55 on said street, covered by one of Hyatt's patent covers, had been negligently and carelessly allowed by long use to become perfectly smooth and slippery to travel upon, of which the defendant had due notice ; that this cover was composed of small lights of glass set in an iron frame, each of the lights being enclosed in iron, and the whole frame of lights surrounded by an iron border about four inches wide, which border, as well as the iron enclosing each light, was originally, or when put down, thickly studded with projecting bolts or slugs, thus presenting a rough surface as a precaution, for the safety of persons thereon travelling, to prevent slipping; that the defendant, in obedience to a city ordinance, had long been in the practice of causing such covers to be re-perforated and studded anew with such bolts or slugs, as often as they became worn down smooth; and that while the cover was in this condition of perfect smoothness of surface, and slippery, the plaintiff, on February 26, 1874, while walking on the sidewalk, and in the exercise of due care, stepped upon the surface of the cover, and, solely by reason of the smoothness thereof, slipped and fell, causing the injuries complained of.

If, upon such of the above evidence as was competent, the plaintiff was entitled to recover, the case was to stand for trial, otherwise, judgment for the defendant.

*C. G. Thomas*, for the plaintiff.

*H. W. Putnam*, for the defendant.

SOULE, J.   This case presents the single question whether the evidence offered, if admitted, would have warranted the jury in finding that the sidewalk on which the plaintiff fell was out of repair or defective within the meaning of the Gen. Sts. c. 44, § 22.   In other words, can we say, as matter of law, that the plaintiff offered no evidence of a defect in the walk?

It is to be remembered that the question of due care on the part of the city of Boston is not involved.   The liability of cities for defects in highways is created wholly by the statute, and, if the defect has existed for twenty-four hours, does not depend in any degree on the carefulness or negligence of the city.   The inquiry is purely as to the condition of the way; and, if it was

defective, it is immaterial whether the defect arose from causes within or without the control of the city; whether from sudden and violent action of the elements, or from gradual and imperceptible change and decay, or from the direct and intentional act of individuals. *Billings* v. *Worcester*, 102 Mass. 329.

The plaintiff offered to show that a "Hyatt's patent cover," made in part of glass and partly of iron, formed a portion of the surface of the sidewalk, and had been so changed by wear as to be smooth and slippery, and that she stepped on it, slipped, wholly by reason of its smoothness, and fell and was hurt. The defendant contends that, inasmuch as the general surface of the walk was level, and the "cover" was level with the rest of the walk, there was no evidence of a defect. This position cannot be maintained. It cannot be said, as matter of law, that smoothness and slipperiness of a sidewalk resulting from the condition of the surface of the material of which the walk is made, and not dependent on nor resulting from atmospheric influences, may not render the walk so unsafe and inconvenient for travellers thereon, as to be defective and out of repair within the meaning of the statute. If a walk is constructed of material so smooth and hard that travellers shod in the ordinary way are defeated or obstructed in their attempts to pass over it by inability to get the hold upon it with their feet which is necessary to their walking forward, or the want of which causes them to lose their balance and fall, such walk cannot be said, as matter of law, to be safe and convenient. And if, in a sidewalk, the chief part of which is in proper condition for travel, a small part of the surface is constructed of material different from the remainder, and so smooth and slippery that a foot traveller, stepping suddenly upon it from the portion otherwise constructed, necessarily or probably slips and is likely to fall, it cannot be said, as matter of law, that such walk is not defective.

It is no answer to this doctrine, as applied to the case at bar, to say that the plaintiff makes no claim that the sidewalk and the cover were not constructed of proper materials. The allegation of the plaintiff is that the walk was defective. The inquiry is as to its condition, taking into consideration its location and the amount of travel to which it was subject. There is no concession that the materials were proper, and it is not necessary to

consider that question. It is obvious, however, that materials, which under certain conditions would be proper for constructing the surface of sidewalks in some localities, would, under certain conditions, be improper for such use in other localities. Iron gratings, for example, which might be proper, laid with the bars at right angles to the line of the walk, on a level spot, and covering a small space immediately adjacent to the building standing next the street, could not, as matter of law, be held to constitute no defect, if laid with the bars running longitudinally with the walk, where it was constructed on a steep grade.

It is argued that the position of the defendant is sustained by the series of cases in which we have held that mere slipperiness, caused by smooth ice on a sidewalk, is not a defect which renders cities or towns liable for injuries sustained in consequence thereof. Those cases, however, are put upon the ground that it cannot be supposed to have been the intention of the Legislature to cast on the towns a duty so impossible of performance as would be that of protecting the sidewalks from the slipperiness caused by moisture and frost in such a climate as ours. *Stanton* v. *Springfield*, 12 Allen, 566. *Luther* v. *Worcester*, 97 Mass. 268. *Billings* v. *Worcester*, *ubi supra*. *Fitzgerald* v. *Woburn*, 109 Mass. 204. These cases are carefully guarded in statement, and all contain the limitation that the walks must be properly constructed, and so as not to cause an unnatural accumulation of ice upon them. And cities and towns are not exempt from liability, if the snow and ice are permitted to lie upon the walk in ridges which become obstacles to travel, even though the traveller's fall be caused by slipping on the side of the ridge and not by stumbling against it. *Morse* v. *Boston*, 109 Mass. 446. The above-cited cases stand on the doctrine, not that the ice-covered sidewalks are safe and convenient for travel, but that their want of safety comes from a cause against which the Legislature did not intend to provide that towns and cities should guard, and is not, therefore, a defect or want of repair within the meaning of the statute. The defective condition of a sidewalk caused by original faulty construction, or by wear of the material, by the action of natural causes such as storms, floods, hurricanes, in changing the surface of the walk, is manifestly within the statute, as has been repeatedly decided.

A majority of the court are of opinion that the evidence offered would have warranted a finding that the sidewalk on which the plaintiff fell was defective, excluding the proof of the city ordinance, which had no power to change the statute liability for defects in highways.        *Case to stand for trial*