MAURICE J. MOYNIHAN *vs.* CITY OF HOLYOKE.

Hampden.    September 25, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Way,* Defect in highway.  *Hyatt Lights.  Negligence.  Evidence,* Remoteness.
*Practice, Civil,* Exceptions.

If a traveller on a highway of a city in cold and stormy weather falls and is in-
jured from slipping on a portion of the sidewalk of the highway consisting of
Hyatt lights made partly of glass set in cement or concrete, the surface of which
is smooth and slippery and has grown more so from being walked on after it
was put in, in an action against the city under R. L. c. 51, § 18, he is entitled
to go to the jury on the question whether there was a defect in the highway
which might have been remedied by reasonable care and diligence on the part
of the city.

In an action against a city under R. L. c. 51, § 18, for injuries from a fall caused
by slipping on Hyatt lights forming part of the sidewalk of a highway of the
defendant, it is within the discretion of the presiding judge to admit or exclude
evidence offered by the defendant to show " that the walk was of the usual and
ordinary construction for that kind of a walk," and, even if in the opinion of
this court the discretion of the presiding judge would have been exercised
better by admitting the evidence, its exclusion by him is not a ground of
exception.

TORT under R. L. c. 51, § 18, against the city of Holyoke for injuries alleged to have been caused by a defect in the sidewalk of Dwight Street, a public highway which the defendant was bound to keep in repair. Writ dated January 27, 1905.

In the Superior Court the case was tried before *Hitchcock,* J. The character of the alleged defect is described in the opinion.

The plaintiff testified that he had lived in Holyoke a long time ; that he lived on Dwight Street ; that he was going down

Dwight Street to High Street on January 4, 1905, about 8 A. M.; that when upon the sidewalk in question he fell very suddenly and stayed there; that the wind was blowing "quite hard" and the snow was drifting; that it drifted "quite a good deal" on the street and pretty well on the sidewalk; that the roadways were impassable; that the side of the walk in question next to the street was covered with snow and the inside was practically bare with a little snow sifted over it; that the place was wet; that he fell on the inside on the glass part of the walk; that where he fell was practically bare, with only a little snow; that he could not say how he fell; that he went down so suddenly he had no idea how it happened any more than that he heard "quite a noise" from his fall; that he fell on the right side he should judge toward the block; that his feet slipped from under him; that the walk there is made partly of glass; that the part he fell on was glass, very smooth; that he did not notice the walk until after he fell on it to know how long it had been smooth; that he noticed it in particular after he got well.

Certain evidence, which was offered by the defendant and was excluded by the judge against the defendant's objection and exception, is described in the opinion.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not entitled to recover, and that upon all the pleadings and the evidence there was no liability on the part of the defendant and the jury must find for the defendant. The judge refused to rule as requested and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $500. The defendant alleged exceptions.

*M. J. Griffin*, for the defendant.

*T. B. O'Donnell*, for the plaintiff.

KNOWLTON, C. J. The plaintiff fell upon a sidewalk of the defendant city and was injured. The sidewalk was ten feet wide, and for about five feet of that width, next the McAuslan building, the surface was made partly of glass, commonly known as Hyatt lights, set in cement or concrete. There was evidence that this part of the walk was smooth and slippery at the time of the accident, some of the testimony tending to show that it had grown more smooth from the walking upon it after it was

put in, and other testimony tending to show that it was less smooth than when new. There was evidence that there was a slope in the walk longitudinally of about two and one half inches in ten feet, and that there was about the same slope from the side of the building to the curbstone.

The first question arises upon the defendant's request for an instruction that upon all the evidence the plaintiff was not entitled to recover.

There was testimony from which the jury might well find that the plaintiff was in the exercise of due care.

The more important question is whether the city could be found guilty of negligence because of the slippery condition of the walk. It is not contended that there was a liability on account of any slipperiness caused by the weather, which was cold and stormy. The sole contention of the plaintiff is that there was negligence in allowing a construction and condition of the walk which rendered it slippery, whether from the material of which it was composed, or from the travel over it, or from both.

In this respect the case is very similar to *Cromarty* v. *Boston*, 127 Mass. 329, in which it was held by a majority of this court that one who slipped upon one of " Hyatt's patent covers," that had become smooth and slippery by wear, was entitled to go to the jury on the question whether the condition constituted a defect in the sidewalk. This case arose before the enactment of St. 1877, c. 234, now embodied in the R. L. c. 51, § 18, and the court was careful to point out, what is shown in other cases, that, under the law then existing, a city might be liable for an accident if a way was not reasonably safe and convenient for travellers, even when there was no negligence on the part of the city. See *George* v. *Haverhill*, 110 Mass. 506. Where the alleged defect consists of an improper construction that leaves the sidewalk slippery, or of slipperiness from long continued wear, that could readily be discovered, we think the question whether the walk is defective under the old law is so nearly like the question whether the city or town is negligent under the present law, that the change in the statutes is of little consequence to the decision of the case. While the subject is by no means free from difficulty, we are of opinion that there was evi-

dence on this point which justified the submission of the case to the jury.

The defendant offered to show by two witnesses, one of whom had had an experience of twenty years as a city engineer of another city, and the other a long experience as a superintendent of streets, "that the walk was of the usual and ordinary construction for that kind of a walk." An exception was taken to the exclusion of the testimony.

The general question involved in this exception was carefully considered in *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 579. There the rule is recognized that, on the question whether the use of a particular machine or appliance by the defendant is negligent, the fact that it is in common use by others is ordinarily helpful, and competent as evidence. Numerous cases are cited in support of the proposition. On the other hand, the danger that may arise from being led into collateral inquiries is also recognized, as well as the consequent rule that, in determining the admissibility of such evidence, much must be left to the discretion of the presiding judge. The opinion also refers to the fact that, because of the difficulty of finding conditions identical or very similar in different places, and because of the trial of collateral issues that might be involved, such evidence has generally been excluded in actions against towns for accidents upon highways, and in other similar cases. But in all of these cases the real questions are: How far will the testimony be helpful as bearing on the propriety or impropriety of the defendant's conduct? and How great will be the probable difficulty in obtaining and testing it? In the present case, upon one aspect of the evidence, the only question was whether the defendant was negligent in using or permitting to be used in the construction of its sidewalk, a material for the surface which, very likely, is in common use in cities, and generally recognized as suitable. In this respect the inquiry was similar to the question whether a certain kind of machine used by a defendant is in common use for similar purposes.

On the other hand, the offer of proof was broad and general, and seemed to apply to the construction of the sidewalk in every particular. It was of a kind which the courts have generally declined to receive, for the reasons already referred to. It was

held in the case last cited, and it had often been held before, that the admission or exclusion of such evidence must be left very largely to the discretion of the presiding judge. The bill of exceptions does not show such facts in regard to Hyatt lights, and the way they have been used in this sidewalk and in other sidewalks, as to make it plain that there was error of law in excluding the offered evidence. It seems probable that the admission of it would not have introduced such troublesome collateral inquiries as to interfere with the general course of the trial, and that it would have put before the jury facts that legitimately bore upon the question of the defendant's negligence. We are of opinion that the discretion of the court would have been better exercised if the testimony, so far as it related to the Hyatt lights, had been admitted; but we cannot say that the judge was bound, as matter of law, to receive it.

*Exceptions overruled.*