MARTHA BENNETT *vs.* JORDAN MARSH COMPANY.

Suffolk.   January 12, 1914. — February 26, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Invited person, In maintaining stairway.

In an action by a woman against the proprietor of a department store for personal injuries sustained from a fall alleged to have been caused by a defective condition of a stairway maintained by the defendant, it appeared that the plaintiff until two days before the accident had been employed in the defendant's store and on the day of the accident had been to the fifth floor of the building to receive the wages due her, that for the purpose of making a purchase on the first floor she was descending the stairway from the third to the second floor of the building, that the iron treads of the stairway were twelve or fourteen inches broad, that a corrugated surface which had extended back for about an inch or an inch and a half on each tread had been worn down so that the treads presented a smooth, shiny and very slippery surface rounded off at the edge, more noticeable in the middle than at the ends, and that the plaintiff while in the exercise of due care fell and sustained the injuries sued for. *Held,* that, the plaintiff being upon the defendant's premises by its implied invitation, the defendant owed her the duty of furnishing reasonably safe stairways over which she might pass, and that the questions whether the treads had become defective and whether the defendant was negligent in failing to discover and remedy the defect were for the jury.

CROSBY, J. This is an action of tort for personal injuries caused by the plaintiff falling on a stairway in the defendant's department store by reason of the alleged defective condition of the stairway. The presiding judge,* after a disagreement of the jury, ordered a verdict for the defendant; this was equivalent to

* *White,* J.

a ruling that as matter of law upon the evidence most favorable to the plaintiff she was not entitled to recover. The case is here on the defendant's exceptions.

The plaintiff, who had been in the employ of the defendant until two days before the accident, went to the store to make some purchases and to receive the wages due her. After receiving her pay on the fifth floor, she descended by the stairway to the fourth floor. When there she decided to walk from that floor, down the stairway, to the first floor and there make the purchases, but after having passed from the fourth to the third floor in safety, and while descending from the third to the second floor, as she testified, she slipped on a tread of the stairs and fell, causing the injuries complained of.

It is not contended that the plaintiff was not in the exercise of due care.

The plaintiff being upon the defendant's premises by its implied invitation, it owed her the duty of furnishing reasonably safe stairways over which she might pass while in the store. *Holmes* v. *Drew*, 151 Mass. 578.

The more difficult question to be decided is whether there was any evidence to warrant the jury in finding that the defendant negligently maintained the stairway at the place where the plaintiff was injured. We are of opinion that there was.

The evidence tended to show that the stairway was of iron construction, with treads twelve or fourteen inches broad which originally had a corrugated surface for a space of about one inch or an inch and a half in width, extending back from the edge of the tread. Behind the corrugated portion the tread was countersunk and rubber sheeting set in so as to be flush with the step on the edge. It appeared that the outer edge, where the plaintiff testified that she fell, had been worn down, so that the treads presented a smooth, shiny and very slippery surface, rounded off by wear at the edge, and that this condition was more noticeable in the middle of the stairs than at the ends, while the corrugations had been worn down so that they could be observed or detected only with difficulty.

The defendant contended and offered evidence to show that she fell on the stairway leading from the second to the first floor, instead of on the stairway from the third to the second floor.

It was, however, for the jury to determine upon conflicting evidence where the accident happened.

We are unable to perceive any sound distinction between the present case and *Moynihan* v. *Holyoke,* 193 Mass. 26, relied on by the plaintiff. That was an action under R. L. c. 51, § 18, for personal injuries alleged to have been caused by a defect in the sidewalk of a public way in the defendant city which the defendant was bound to keep in repair. The defect consisted of a portion of the surface of the sidewalk where the plaintiff fell being made of glass and known as Hyatt lights, set in cement or concrete which had become smooth and slippery from the wear of travel. It was held that, "while the subject is by no means free from difficulty, we are of opinion that there was evidence on this point which justified the submission of the case to the jury." *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368.

There was in the present case, as we have seen, evidence that the outer edge of the treads where the plaintiff fell had been permitted by the defendant to wear smooth and to become rounded and slippery; and the questions whether the treads had become defective and whether that condition could have been discovered by proper inspection were for the jury.

The case of *McIntire* v. *White,* 171 Mass. 170, relied on by the defendant, is plainly distinguishable.

*Exceptions sustained.*

*J. C. Johnston,* for the plaintiff.
*J. A. Lowell,* for the defendant.