THEODORE ROSENTHAL *vs.* CENTRAL GARAGE OF LYNN, INC.

Essex.   May 10, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Negligence*, Of proprietor of garage.   *Evidence*, Presumptions and burden of proof, Matter of conjecture.

Where the evidence, at the trial of an action of tort against the proprietor of a garage for personal injuries sustained when the plaintiff, using a stairway therein at the defendant's invitation, slipped and fell on oil, grease or other slippery substance, did not warrant a finding either that the substance came upon the stairway by negligence of

the defendant or its employees or that it was there long enough so that the defendant could be found to have been negligent in not discovering and removing it, a verdict for the defendant rightly was ordered.

TORT.  Writ dated May 11, 1929.

In the Superior Court, the action was tried before *Donnelly*, J.  Material evidence is stated in the opinion.  A verdict was ordered for the defendant.  The plaintiff alleged exceptions.

*R. L. Sisk*, for the plaintiff.

*J. W. Sullivan & J. F. Doyle*, for the defendant, submitted a brief.

DONAHUE, J.  The plaintiff, who kept his automobile in the public garage of the defendant, fell on about the third step of a stairway leading from the second to the first floor of the building and received injury.  The declaration alleges that the stairway was unsafe "by reason of the worn and slippery condition of the metal treads thereon and by the accumulation of oil, grease or other slippery substance." At the close of the evidence the trial judge directed a verdict for the defendant and the plaintiff's exception to that ruling is here presented.

There was evidence from which it could be found that the plaintiff was on the premises and the stairway by invitation of the defendant so that it owed to the plaintiff the duty to use reasonable care to keep the premises including the stairway in a safe condition for the plaintiff's use.  The testimony of witnesses and photographs which were in evidence show that projections on the treads of the iron stairway were worn shiny and smooth, but no such condition appeared as to warrant the conclusion that the stairway was unsafe merely as the result of wear.  On the facts this case is distinguishable from the case of *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550. ' The plaintiff testified that he knew he slipped on grease and oil and that as he slipped he felt a greasy substance on the stairway. The presence of such a substance on the stairway must be taken to have been an essential cause of the fall.  There was no evidence that the substance which caused the plain-

tiff to fall had been seen on the stairway before the plaintiff fell or that such a substance had ever been seen there before, or as to the extent or character of use of the stairway by customers or patrons of the defendant. There was evidence that on occasions when the supply of oil or gas in the tanks on the second floor was exhausted employees would bring a supply from the first floor over this stairway and that this occurrence was liable to happen three or four times a week and then liable not to happen for a month. There was no testimony as to when last before the plaintiff's fall there had been such an occurrence or that any gas or oil had ever been spilled on the stairway by the defendant's employees. There was evidence that the second floor was used for oiling, greasing and washing cars. The plaintiff testified that on the evening in question the second floor was wet and that "it was pretty hard to walk around there without getting some oil or grease on his shoes." On the evidence it is no more justifiable to infer that the substance had been dropped by the employees of the defendant than that it was collected on the plaintiff's shoes on the second floor and thus brought upon the stairway. *Hanna v. Shaw,* 244 Mass. 57. *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, 368. *Todd* v. *Winslow,* 278 Mass. 588. The evidence would not warrant the finding that a negligent act of the defendant's employees was the cause of the greasy substance coming upon the stairway where the plaintiff fell.

There was no evidence as to how large an area of the surface of the tread was covered by the substance or as to its thickness, shape, consistency, hardness, color or general appearance from which an inference might be drawn that it had been on the stairway any appreciable length of time. The testimony of the plaintiff that when he arrived home there was wet oil on the knee of his trousers and the testimony of another witness, who saw the substance after the plaintiff stepped upon it and fell, that it then showed a smear or mark such as the plaintiff's foot might have made do not indicate that it had been there long. An inference that the substance had been on the stairway long enough

to charge the defendant with liability because of its presence on the stairway was not warranted on the evidence. *Norton v. Hudner,* 213 Mass. 257. *O'Neill* v. *Boston Elevated Railway,* 248 Mass. 362. *Bornstein* v. *R. H. White Co.* 259 Mass. 34.

Since the evidence did not warrant the finding either that the substance came upon the stairway by negligence of the defendant or its employees or that it was there long enough so that the defendant could be found negligent in not discovering and removing it, the verdict for the defendant was rightly directed.

*Exceptions overruled.*