MAE A. PASTRICK *vs.* S. S. KRESGE COMPANY.

FRANK PASTRICK *vs.* SAME.

Hampden.     September 19, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Of proprietor of store, Of one owning or controlling real estate. *Practice, Civil*, Exceptions: whether error harmful.

At the hearing of an action for personal injuries sustained by a woman in a fall upon a stairway in the defendant's store, it was undisputed that the treads of the stairway were about thirteen inches wide and the risers about seven and one half inches high; that at the edge of each tread was a metal strip three inches wide, composed of alternate trenches and grooves running across the tread parallel with the edge; that the trenches were one half inch wide and were filled with abrasive; that the grooves were one quarter inch wide and were hollowed out to a depth of three sixteenths of an inch; that the surface of the treads was flat except for the grooves; that, aside from the manner in which the stairway was constructed, it was not defective; that it was well lighted and was equipped with hand rails; and that there was no foreign substance on it at the time of the plaintiff's fall. *Held,* that a finding was required as a matter of law that the defendant was not negligent with respect to the manner in which the stairway was constructed.

In the circumstances above described, the plaintiff would not have been aided by the admission of evidence that the defendant's manager was of opinion that the stairway was dangerous to women, had so reported to the defendant and had known of the falling of many women on the stairway, nor would she have been aided by the giving of certain rulings requested by her; and her exceptions to the exclusion of such evidence and to the refusal of the rulings were overruled.

TWO ACTIONS OF TORT. Writs dated January 6, 1930 [*sic*], and April 18, 1932, respectively.

The actions were heard together in the Superior Court by *W. A. Burns*, J., without a jury. Material evidence is stated in the opinion. The judge found for the defendant in each action. The plaintiffs alleged exceptions.

*C. R. Clason*, for the plaintiffs.

*E. Hutchings*, for the defendant.

LUMMUS, J. These actions, one by a woman for bodily injuries, and the other by her husband for consequential

damages, arise out of a fall sustained by the former while walking down a stairway in a retail store of the defendant. Hearing the cases without jury, the judge found for the defendant. The plaintiffs alleged exceptions.

Each step was equipped with the so called Mason safety tread, a metal strip three inches wide. This strip was composed of alternate trenches and grooves running across the tread of the step, near to and parallel with the edge, the trenches being one half inch wide and filled with an abrasive to prevent slipping, and the grooves being one quarter inch wide and hollowed out to a depth of three sixteenths of an inch for the purpose of catching small articles that might cause a rolling of the foot. The surface of the tread was flat except for these small grooves. Unless the plan of the stairway and of the Mason safety tread constituted a defect, the stairway was safe. It was well lighted, it was equipped with hand rails on the sides and in the middle, there was a sign "Watch Step" in a conspicuous position above the stairway, there was no foreign substance on the steps, and they were not worn to any appreciable extent.

There was evidence for the plaintiffs that the treads were approximately twelve and seven eighths inches wide, and that the risers were approximately seven and one half inches high. An expert witness for the plaintiffs testified that such steps were "not a good form of construction" for a stairway for the use of customers in a retail store, and that according to "the usual practice of almost all architects" the sum of the width of the tread and the height of the riser should not exceed seventeen and one half inches. He testified that the larger sum of the width and height in the stairway in question gave "an abnormally high cadence" to the pacing of an ordinary person, with the result that his foot would touch different steps at different distances from the edge unless he should "instinctively recognize a change in the normal pacing, and rectify it"; and unless he should do that he might drag his "foot on over the nosing." The woman plaintiff testified that "She went down four or five stairs without taking hold of the hand rail, had her weight on her right foot and was bringing her left foot off the tread above when the

sole at the toe of her shoe on her left foot caught in one of the grooves," and she fell.

Exceptions were taken by the plaintiffs to the exclusion of their questions to the manager of the defendant's store, by which the plaintiffs offered to show that the manager held and had expressed an opinion that the stairway was dangerous to women, had so reported to the defendant, and had known of the falling of many women on the stairway. There were other exceptions to evidence which seem of minor importance, and need not be stated. Each plaintiff filed substantially the same requests for rulings, thirty-three in number, of which some were granted and some refused, and excepted to the failure to give the requested rulings not given.

The exceptions need not be discussed in detail. None of them relates to the physical condition of the stairway, which was not in dispute. The court is not ignorant of common devices and common dangers, and no admission or expert opinion can establish liability where common knowledge shows that there was no danger so substantial that a reasonable man in the position of the defendant would have anticipated injury and guarded against it. Accordingly, the court has heretofore ruled as matter of law that certain slight imperfections and irregularities in highways (*Rowett* v. *North Adams, ante,* 50; *Beaumier* v. *Heath,* 282 Mass. 312; *Gilligan* v. *Boston Elevated Railway,* 194 Mass. 576, 577), and in private buildings or premises (*Jennings* v. *Tompkins,* 180 Mass. 302; *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127; *Johnson* v. *Fainstein,* 219 Mass. 537; *Leslie* v. *Glazer,* 273 Mass. 221; *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, 575), were not defects, the maintenance of which could be found to be negligent. Here there was nothing out of order, and no such wear as there was in *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, *Solomon* v. *Boston Elevated Railway,* 276 Mass. 139, *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, and *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300. One may not expect all stairways to be alike, nor assume that every stairway will fit exactly his own accustomed stride or even that of the

average person.  The stairway in question, was not uncommon in construction, and presented no defect and no unusual danger.  Negligence could no more be found in its construction than in the construction of winding stairs in the case of *Chick* v. *Gilchrist Co.* 208 Mass. 183, or the construction of adjacent floors at different levels in the cases of *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, *Hoyt* v. *Woodbury,* 200 Mass. 343, and *Weller* v. *Consolidated Gas Co. of New York,* 198 N. Y. 98.  See also *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1–3. Compare *Kennedy* v. *Cherry & Webb Co. Lowell,* 267 Mass. 217.

Since the undisputed physical facts show that there is no liability, the plaintiffs would not have been helped had the points to which exceptions were taken been ruled in their favor to the fullest extent possible in view of the physical facts, and they were not harmed by the rulings made.

*Exceptions overruled.*