MARVEL MULLOY *vs.* KAY JEWELRY COMPANY OF QUINCY.

JAMES MULLOY *vs.* SAME.

Norfolk.    December 6, 1934. — January 28, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of proprietor of store.

At the trial of an action against the proprietor of a store for personal injuries sustained by a customer of the defendant when he slipped and fell upon a corrugated rubber mat extending at a slight incline downward from the door of the store to the sidewalk, a finding that the defendant was negligent was warranted by evidence that the day of the accident was rainy and that at the place on the mat where the plaintiff fell the corrugation was worn smooth.

TWO ACTIONS OF TORT. Writs in the District Court of East Norfolk dated August 9, 1932.

The actions were heard together in the District Court by *Kirby,* J. Material evidence is stated in the opinion. The judge found for the plaintiff in the first action in the sum of $1,568.75 and for the plaintiff in the second action in the sum of $158.60. Reports to the Appellate Division

for the Southern District were ordered dismissed. The defendant appealed in each action.

*G. Petersen*, (*H. W. Hardy* with him,) for the defendant.

*R. S. Riley*, for the plaintiffs.

CROSBY, J. The plaintiff in the first case seeks to recover for personal injuries received by her as a result of a fall, alleged to have been caused by the defective condition of a rubber mat in the entrance of the defendant's store. The plaintiff in the second case seeks to recover for consequential damages incurred as a result of said injuries sustained by his wife. At the close of the evidence the defendant requested the judge to rule, in substance, that in the first case there was no evidence to warrant a finding that the defendant or its agents were negligent, and that negligence of the plaintiff contributed to her injuries; and in the second case that the plaintiff cannot recover as his wife has not shown that her injuries resulted from any breach of legal duty owed to her by the defendant. The judge refused to grant the requests and found for the plaintiff in each case.

The plaintiff in the first case (hereinafter referred to as the plaintiff) testified that on the day of the accident she went to the defendant's store to make a payment on account; that it was a rainy day; that as she came out the door she slipped and fell on a rubber mat that extended from the door to the sidewalk; that it was a corrugated mat fourteen feet long and three feet wide; that she slipped and fell on the mat two and one half or three feet from the sidewalk end; that when she got up she noted the place where she slipped; that the corrugation or ribs on the surface of the mat at the end where she slipped were worn smooth across the last two or three feet of the mat. The plaintiff further testified that as she left the store to walk to the sidewalk over the mat she walked down a slight incline. The Appellate Division entered orders dismissing the reports and the cases are here on appeals from those orders. There was testimony from which the trial judge might find that the plaintiff was in the exercise of due care.

The question is whether the defendant could be found

negligent because of the slippery condition of the rubber mat maintained at the entrance to the store. This question is not free from difficulty. The evidence would not warrant a finding that the mat was of unsuitable or improper material. We are of opinion that the evidence justified a finding that the mat by constant travel over it had become smooth and slippery at the place where the plaintiff fell, and that in the exercise of due care the defendant by proper inspection could have discovered its condition. These were questions of fact for the trial judge to determine. The cases are governed in principle by *Moynihan* v. *Holyoke*, 193 Mass. 26, *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, *Cook* v. *Boston Elevated Railway*, 256 Mass. 27, *DuBois* v. *Boston Elevated Railway*, 276 Mass. 98, 100, *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139, 141, 142, *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300.

In each case the entry must be

*Order dismissing report affirmed.*