ANNIE E. CORCORAN *vs.* UNITED MARKETS, INC.

Middlesex.     April 9, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* One owning or controlling real estate, Store.

Evidence, that a step, upon which a customer slipped and was injured when leaving a market, was of metal with a diagram raised thereon about an eighth of an inch and in the middle was "all worn down," "all bare . . . smooth as glass," "highly polished," warranted a finding that maintenance of the step in that condition was negligence.

TORT. Writ in the Superior Court dated June 3, 1940.

The case was tried before *Beaudreau,* J.

*L. J. Reibstein,* (*L. G. Loeb* with him,) for the plaintiff.

*Joseph P. Sullivan,* (*A. F. Bickford* with him,) for the defendant.

LUMMUS, J. The evidence warranted a finding of the following facts. The plaintiff, with her husband, purchased food at the defendant's market in Cambridge. In leaving, she slipped on a step and fell, sustaining personal injuries. The step was of metal with a rough diamond shaped diagram upon it raised about an eighth of an inch. But in the middle of the step for about thirty inches it was "all worn down" and was "all bare, just as smooth as glass," looking "very smooth and very shiny." In the middle "the entire diagram that apparently was in it was gone." The step was "a highly polished, smooth step," on which the foot slid "like on a polished floor." The jury returned a verdict

for the plaintiff, but on leave reserved the judge entered a verdict for the defendant, subject to the plaintiff's exceptions.

We are unable to find a case in our reports exactly like the present one. In *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, 551, the corrugations in the iron steps had been worn down as in this case, but the steps had also been "rounded off by wear at the edge." See also *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203. In *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, the marble steps had worn down five eighths of an inch, sloped down towards the front and were very shiny and slippery. We did not decide whether the condition of the steps alone would warrant a finding that they were not in a reasonably safe condition. But the steps in connection with a loose hand rope permitted the case to go to the jury. See *McIntire* v. *White*, 171 Mass. 170, 171. In *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, 575, "projections on the treads of the iron stairway were worn shiny and smooth, but no such condition appeared as to warrant the conclusion that the stairway was unsafe merely as the result of wear." Maintaining a polished and slippery floor has been held of itself no evidence of negligence. *Peterson* v. *Empire Clothing Co.* 293 Mass. 447.

In *Cromarty* v. *Boston*, 127 Mass. 329, 331, worn and slippery Hyatt lights in a sidewalk were held to warrant a finding that the way was defective. The court said, "If a walk is constructed of material so smooth and hard that travellers shod in the ordinary way are defeated or obstructed in their attempts to pass over it by inability to get the hold upon it with their feet which is necessary to their walking forward . . . such walk cannot be said, as matter of law, to be safe and convenient." In *Moynihan* v. *Holyoke*, 193 Mass. 26, it was held that the existence of smooth and slippery Hyatt lights in a sidewalk was evidence of a defect in the way, whether it resulted from the original construction or subsequent wear. See also *Mulloy* v. *Kay Jewelry Co. of Quincy*, 289 Mass. 264.

Although the case is close, we are inclined to the view that there was evidence of negligence. In descending steps, the

body is more out of balance than in walking on a smooth floor. Although the step was not worn down more than one eighth of an inch, and was practically level, it was very slippery. The *Cromarty* and *Moynihan* cases seem to us especially in point.

> *Exceptions sustained.*
> *Judgment for the plaintiff on the verdict returned by the jury.*