ANGELINA BATTISTA *vs.* F. W. WOOLWORTH CO.

Worcester.     September 26, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence,* Store.

A conclusion of negligence on the part of the proprietor of a store toward a customer injured by slipping on tiling at the entrance to the store was not proper on facts not disclosing any defect in the construction of the entrance and not showing that smoothness of the tiling was due to wear and not natural to it, but merely showing that the tiling was wet from rainfall and consequently was slippery and that nothing to counteract such slippery condition had been provided.

TORT. Writ in the Superior Court dated November 12, 1940.

The case was heard upon an auditor's report by *Leary,* J.

In this court the case was submitted on briefs.

*G. R. Stobbs, L. E. Stockwell, & S. B. Tilton,* for the defendant.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff.

WILKINS, J. This is an action of tort for injuries received by the plaintiff, a prospective customer, from a fall

in an entrance to the defendant's store in Clinton. The case was referred to an auditor, his findings of fact to be final. The judge ordered that judgment be entered for the plaintiff on the auditor's report, and the defendant appealed.

The duty of the judge was to order the correct judgment on the facts contained in the auditor's report. *Howland* v. *Stowe,* 290 Mass. 142, 146. *Redden* v. *Ramsey,* 309 Mass. 225, 227. This we think was not done. The auditor found that there was no defect in the construction of the entrance, which was at a down grade of the street. There was a step up from the sidewalk necessarily higher at one end than the other. The flooring of the entrance consisted of a slate slab eight inches wide bordering the sidewalk, and of a floor tiling extending five feet from the slab to the door. The flooring sloped slightly to the left and also upwards toward the door. Other vital findings were: "On the day of the accident it had been raining or drizzling practically all day and the entrance was slippery because of the accumulation of moisture or wetness thereon. . . . Her fall was caused by the slippery condition of the tile flooring in the entrance. It had been raining and drizzling and the tile, which was smooth, was also wet and as a result became slippery. No matting or sawdust or other means was taken by the defendant to remedy the slippery condition of the entrance. . . . because of this failure the defendant was negligent." The conclusion of negligence was expressly based entirely on the omission to provide anything to counteract slipperiness due solely to rainfall. There was no puddle of water. There was no defect in construction. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196–197. *Abrahams* v. *Zisman,* 293 Mass. 375, 376. *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, 547. The mere fact that there had been no change in the entrance for twenty-two years does not aid the plaintiff. See *Foote* v. *Waltham Netoco Theatres, Inc.* 314 Mass. 674, 676. The findings preclude any inference, whatever might have been its value, that the smoothness of the tile was not natural to it but was the result of wear, or that the tile was unsafe for that reason. Compare *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, 575. We are

of opinion that negligence could not be found in the reasons stated by the auditor. This case falls within *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129, *Kiley* v. *New York, New Haven & Hartford Railroad,* 301 Mass. 570, *Moors* v. *Boston Elevated Railway,* 305 Mass. 81, and similar decisions, and not within *Cromarty* v. *Boston,* 127 Mass. 329, *Moynihan* v. *Holyoke,* 193 Mass. 26, and *Corcoran* v. *United Markets, Inc.* 314 Mass. 26, relied upon by the plaintiff.

*Judgment for the defendant.*