SARAH J. RISK *vs.* CITY OF BOSTON
(and two companion cases [1]).

Suffolk.    October 4, 1944. — January 31, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & SPALDING, JJ.

*Way,* Public: defect. *Negligence,* One owning or controlling real estate;
Street railway: station. *Boston Elevated Railway Company.*

A "slippery and smooth" condition, "through wear and tear," of a
rounded concrete curbing at the edge of a raised concrete platform
where it joined the surface of a public way could not properly have
been found to be a defect within G. L. (Ter. Ed.) c. 84, § 15, even
though the platform was part of the way.
The Boston Elevated Railway Company, lessee from the city of Boston
of "the alterations in or extension to the East Boston Tunnel" pur-
suant to Spec. St. 1917, c. 373, Part III, § 11, would not be liable to a
passenger for personal injuries resulting from the manner of construc-
tion of a concrete curbing forming part of the leased premises.
A finding of negligence of a street railway company, which as a lessee
had control of a raised platform with a rounded concrete curbing
at its edge where it joined the surface of a street, and which was
obliged by the lease to make repairs to the leased premises, would
not have been warranted by evidence that a passenger slipped and
fell through a "slippery and smooth" condition of the curbing due
to "wear and tear."

THREE ACTIONS OF TORT. Writs in the first two actions
in the Superior Court dated August 29, 1941; writ in the
third action in the Municipal Court of the City of Boston
dated October 31, 1941.

Upon removal of the third action to the Superior Court,
the cases were tried together before *Walsh,* J.

---

[1] The companion cases were by the same plaintiff and her husband against
the Boston Elevated Railway Company and Rapid Transit, Inc. The plain-
tiff's husband became a party plaintiff in these cases by motion (see G. L.
[Ter. Ed.] c. 231, § 6A, inserted by St. 1939, c. 372, § 1) for the purpose of
recovering consequential damages. The female plaintiff will be referred to
as the plaintiff in this opinion.

*H. F. R. Dolan,* (*W. W. Risk* with him,) for the plaintiff.

*J. J. O'Hare,* for Boston Elevated Railway Company.

*J. W. Kelleher,* Assistant Corporation Counsel, for the city of Boston.

*W. I. Badger, Jr.,* for Rapid Transit, Inc.

SPALDING, J.   The plaintiff seeks compensation for injuries from a fall alleged to have been sustained while stepping from a platform onto the street in a bus terminal at Maverick Square, East Boston.   Actions of tort were commenced against the city of Boston (hereinafter called the city), the Boston Elevated Railway Company (hereinafter called the Elevated) and Rapid Transit, Inc. (hereinafter called Transit), and the cases were tried together. The plaintiff seeks to recover against Transit and the Elevated for negligence with respect to an alleged defective condition and want of repair of a certain platform.   The declaration in the action against the city[1] alleges that the plaintiff's injuries were caused by a defect and want of repair in a public way.   At the close of the evidence verdicts were ordered for each of the defendants, and the plaintiff excepted.

The jury could have found these facts:  On the night of November 20, 1940, the plaintiff rode on a train of the Elevated from Boston to the Maverick Square station at East Boston, where, upon her arrival, she went upstairs and through the station exit onto a platform or walk to wait for a Transit bus on the easterly side of the station.   The platform was a "concrete surface [which] was . . . raised . . . higher than the street surface upon which the bus wheels were resting."   At the point where this raised surface or platform joined the street, there was a rounded curbing which extended the length of the platform except for a space occupied by steps leading to a crosswalk.   When the plaintiff arrived on the platform two buses were at the station.   The front of the first bus was about opposite the steps and the second bus was four or five feet behind the

---

[1] The declaration also contained a count for nuisance as did that in the case against the Elevated; but these counts were waived at the argument in this court.

first. A third bus was just coming in. A man in uniform whom the plaintiff had seen at the station on numerous occasions was directing people who were getting on and off the buses, and giving information with respect to the buses. Hearing him call the destination of the third bus, which he said was less crowded, the plaintiff decided to get on it. In doing so she started toward the street in the space between the first two buses so that she could get on the third bus on the other side. She had noticed on many other occasions that when three buses were at the station "the people always went down into the street between the first and second buses, [and] went around the second . . . to enter the front door of the third bus." "She stepped down and her right foot came to the round curbing which was slippery and threw her," her right knee hitting the rear of the first bus. The curbing, which was of concrete, "was rounded and it had been worn smooth. It was very slippery." After the accident the plaintiff's husband examined the curbing on the easterly side of the station and found it to be "through wear and tear . . . rounded and in places . . . slippery and smooth." There was introduced in evidence a lease between the city and the Elevated (dated June 30, 1921, and expiring in 1962) which related to the Maverick Square station. By its terms the Elevated was granted "the sole and exclusive use of the alterations in or extension to the East Boston tunnel, hereinafter called the premises," as defined in Spec. St. 1917, c. 373, Part III, § 11. It also provided that the Elevated was to make all repairs to the premises except in certain instances not here material.

1. There was no error in the direction of a verdict for the city. The city concedes that the platform where the accident occurred could be found to be a public way. The bill of exceptions states that "due notice of the accident was served upon the city" within the time required by law. The only question, then, is whether the curbing could be found to be a "defect or . . . want of repair" in a public way within G. L. (Ter. Ed.) c. 84, § 15. It cannot be said that the curbing by reason of its rounded shape was a defect and the plaintiff does not so argue. From the pho-

tographs which are before us it appears to be of a type not uncommon. The characterization of the curbing as "smooth" and "slippery" adds little or nothing. A rounded curbing by its very nature would be somewhat smooth, and, compared to a square curbing, would be more slippery. The plaintiff has directed attention to cases such as *Cromarty* v. *Boston*, 127 Mass. 329, and *Moynihan* v. *Holyoke*, 193 Mass. 26, where municipalities have been held liable because of smooth and slippery conditions existing on a sidewalk. We think these cases are not controlling; in both cases the conditions complained of existed in those portions of the sidewalks designed primarily for travel, and not, as here, on a curbing. Compare *Galante* v. *Brockton*, 305 Mass. 480. See also *Vellante* v. *Watertown*, 300 Mass. 207. The evidence, in our opinion, does not warrant a finding "of a defect or a want of repair . . . in or upon a way" within G. L. (Ter. Ed.) c. 84, § 15.

2. The plaintiff's case against the Elevated is no better. We assume for the purposes of this decision, as the plaintiff contends, that by reason of its lease the Elevated could be found to be in control of that portion of the premises where the accident happened. See *Smith* v. *Boston Elevated Railway*, 262 Mass. 18. Inasmuch as the Elevated was obliged to accept and operate the premises as constructed it would not be liable for the manner in which the platform was constructed. *Bryant* v. *Boston Elevated Railway*, 232 Mass. 549, 551. *Theall* v. *Boston Elevated Railway*, 213 Mass. 327. We think a finding of negligence was not warranted. The case at bar is distinguishable from decisions such as *Mulloy* v. *Kay Jewelry Co. of Quincy*, 289 Mass. 264, *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, *Blease* v. *Webber*, 232 Mass. 165, and *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, relied on by the plaintiff. Compare *Battista* v. *F. W. Woolworth Co., ante*, 179.

3. The direction of a verdict in favor of Transit was also right. The evidence fails to show that the premises were under its control, but even if they were, for the reasons discussed above, the evidence does not warrant a finding of negligence.

*Exceptions overruled.*