MARGARET SHINKWIN *vs.* H. L. GREEN COMPANY, INC.

Middlesex.     March 7, 1945. — March 28, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Negligence,* Store, Step.

A finding of negligence on the part of the proprietor of a store toward a customer who slipped and fell on a stone step at the entrance to the store was not warranted where it appeared merely that the step was "slightly worn," "smooth" and "slippery" and slanted downward about one half an inch from its inner to its outer edge.

TORT. Writ in the Superior Court dated April 23, 1943. The case was tried before *Forte,* J.

In this court the case was submitted on briefs.

*P. H. Ready,* for the plaintiff.

*C. R. Flood,* for the defendant.

SPALDING, J. The sole question in this case is whether the judge erred in directing a verdict for the defendant on the plaintiff's opening. These alleged facts were stated: While the plaintiff was leaving the defendant's store where she had been for the purpose of making a purchase, she stepped over the threshold onto the top step, which was one of three that led to the sidewalk, and as she did so she slipped and fell. This step, which was two and one half to three feet wide, was made of "two different compositions"; about two thirds was a mosaic consisting of little blocks of hard stone; the rest "out to the edge . . . [was] either a granite, or something that looks very much like granite." It was "slightly worn . . . [and] was smooth, [and] slippery." The step "was on a slant, not a steep slant, but approximately with a half an inch drop from the threshold

to where the step went down to the next one." It did not appear what part of the step caused the plaintiff to slip. There was no ice or water on the step.

We assume that the statements in the opening were true and would have been supported by testimony. *Shapiro* v. *Segal*, 316 Mass. 556. *Grace* v. *Jordan Marsh Co.* 317 Mass. 632. The recent decision of *Corcoran* v. *United Markets, Inc.* 314 Mass. 26, goes as far in imposing liability for a worn and slippery condition of a step as any case in our reports of which we are aware. The step in that case was described as "all worn down" and was "all bare, [and] just as smooth as glass"; the raised "diagram" that was apparently in the middle of it had been worn down one eighth of an inch and was gone. That was regarded as a close case, although it is considerably stronger for the plaintiff than the present case. Smooth and slippery Hyatt lights in a sidewalk have been held to warrant a finding that a way was defective in *Cromarty* v. *Boston*, 127 Mass. 329, and *Moynihan* v. *Holyoke*, 193 Mass. 26, on which the plaintiff places great reliance. See also *Lynch* v. *First National Bank*, 309 Mass. 458. In the *Cromarty* case, which was a decision by a majority of the court, the evidence as to the worn and slippery condition of the Hyatt lights was somewhat stronger for the plaintiff than the description of the defendant's step in the opening in the case at bar. The facts in *Moynihan* v. *Holyoke* were very similar to those in the *Cromarty* case and the court, although recognizing that "the subject is by no means free from difficulty," considered the earlier decision as controlling.

In the case at bar the step was described as "slightly worn" — a condition that might apply to any step that was not new. That it was also described as smooth and slippery was not enough to warrant a finding of negligence. *Kitchen* v. *Women's City Club of Boston*, 267 Mass. 229. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289. *Peterson* v. *Empire Clothing Co.* 293 Mass. 447. *Kay* v. *Audet*, 306 Mass. 337, 341. *Batten* v. *Tobey*, ante, 64. See also *Battista* v. *F. W. Woolworth Co.* 317 Mass. 179; *Risk* v. *Boston*, 317 Mass. 534. Nor does the fact that there was a drop of

one half an inch from the threshold to the edge of the step warrant such a finding.

The present case in our opinion is distinguishable from the *Corcoran, Moynihan* and *Cromarty* cases discussed above, and more nearly resembles *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, where recovery was denied. There was no error in the direction of a verdict for the defendant.

*Exceptions overruled.*