EVELYN V. MASON *vs.* FORBES & WALLACE, INC.

Hampden.    October 28, 1954. — November 30, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Store.

Evidence merely that the upper end of a railing of a stairway leading down to the basement of a department store from a landing was so situated that a customer "on the edge" of the landing near the side of the stairway was unable to reach the railing when she was pushed by a crowd around her and fell down the stairs and was injured would not have warranted a finding of negligence on the part of the proprietor of the store.

TORT.    Writ in the Superior Court dated February 28, 1951.

The action was tried before *Broadhurst,* J.

In this court the case was submitted on briefs.

*Thomas L. Goggin, Ralph P. Walsh, & John E. Flanagan,* for the plaintiff.

*Frederick S. Pillsbury,* for the defendant.

WILKINS, J.   In this action of tort by a customer, who was injured on a stairway of the defendant's department store, a verdict for the defendant was entered under leave reserved.   From the main floor two stairways, one from the north and one from the south, led to a common landing midway to the basement, which was reached by a wider single stairway running easterly at right angles.   The plaintiff, with her right hand on a railing, descended the north stairway.   She arrived at the landing, released her hold on the railing, and took a few steps intending to take hold of the south railing and to continue down to the basement. There was "a large crowd behind her, crowds all around, some coming up and some going down."   When "she was on the edge of the landing, about one and one half feet from the south side of the stairway," she was pushed, and there being nothing to grasp, she fell down the stairs.   She thinks she had a shopping bag in her left hand.   The foregoing is undisputed or the plaintiff's testimony.

From photographs introduced in evidence by the plaintiff, it appears that the upper end of the south railing begins a few inches below the basement ceiling, which forms a right angle with a wall above, which extends upward toward the main floor.   The upper end of the south railing is close to and beneath the right angle.   The railing is set in beneath the wall a distance, according to testimony of the plaintiff's husband, of 6 inches.   The husband also testified that one would have to descend from the landing "a little ways" before being able to take hold of the south railing; and that "the railing is actually overhung 6 inches before one is able to grasp the railing on the way down."

The only question, according to the plaintiff's brief, is whether the evidence would warrant a finding that the defendant was negligent in the maintenance of its premises. We think that it would not.   There is no evidence of anything broken or worn, or of improper lighting, or of failure

to protect against a reasonably to be anticipated danger due to crowding or other cause. All conditions were open and obvious. The whole complaint is that the plaintiff could not reach the south railing from where she was on the landing. The defendant was not negligent in failing to place the railing in some other location which probably would have narrowed the stairway or might have created a likelihood of injury to customers. The case is governed by such cases as *Hoyt* v. *Woodbury,* 200 Mass. 343, *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196–197, *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, 547, *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 95–96, *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, 229, *Lavoie* v. *Brockelman Brothers, Inc.* 315 Mass. 673, 676, *Battista* v. *F. W. Woolworth Co.* 317 Mass. 179, *Shinkwin* v. *H. L. Green Co. Inc.* 318 Mass. 70, and *Gurll* v. *Massasoit Greyhound Association, Inc.* 325 Mass. 76, 78. See *Rogers* v. *Cambridge Taxi Co.* 317 Mass. 578. The cases relied upon by the plaintiff are distinguishable. In *Kennedy* v. *Cherry & Webb Co. Lowell,* 267 Mass. 217, the construction of the platform, and in *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, the position of the weighing scale in the aisle, were unusual and not reasonably obvious.

*Exceptions overruled.*