FELICIA DI NOTO *vs.* GILCHRIST COMPANY.

Suffolk.    December 10, 1954. — March 11, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Store, Stairway.

Evidence that a terrazzo step of a stairway in a store was worn down at the edge at least an inch at a spot where a business visitor fell warranted a finding of negligence on the part of the proprietor of the store toward the visitor in not having discovered and rectified the condition.

TORT.    Writ in the Superior Court dated November 4, 1950.

The action was tried before *Brogna, J.*

*Charles E. Colson,* for the defendant.

*Richard J. Cotter, Jr.,* (*George N. Buffington, Jr.,* with him,) for the plaintiff.

RONAN, J.    The defendant has alleged an exception to the refusal of the judge to direct a verdict in an action of tort brought by the plaintiff to recover for injuries alleged to have been sustained when she fell on a stairway as she was leaving the defendant's store.

There was evidence that the plaintiff, a business visitor of the defendant, while ascending a stairway toward the street, slipped and fell forward when she reached the second step from the top; that this step was wet and worn out; that the edge of the step was an inch worn out at least; and that the step was wet on account of water or perhaps some wax, "something like that to shine or to clean the stairway but she thinks it is water anyway." She did not see the step until after the accident. In an answer to an interrogatory she stated that the step was slippery, worn, and unsafe. A witness called by the defendant testified that the step was a monolithic slab of terrazzo containing a large percentage of abrasive nonslip material and the outer nosing of the step for a distance of three and one quarter inches was composed of terrazzo containing more abrasive material than the rest of the surface of the step.

The description of the step as wet or slippery and nothing more would not be sufficient to show that it was not reasonably safe for the use of the defendant's customers. Such a condition of the surface of the step might well be due to some temporary cause from some substance being placed upon the surface of the step by a stranger for whose action the defendant would not be liable, where the defendant did not have reasonable time to discover and remedy the condition. *Battista* v. *F. W. Woolworth Co.* 317 Mass. 179, 180–181. *Shinkwin* v. *H. L. Green Co. Inc.* 318 Mass. 70, 71. *Grace* v. *Boston Elevated Railway,* 322 Mass. 224, 226–228. The jury could not find from her testimony that the step had been treated with any wax. She was bound by her testimony as there was no other evidence indicating that there was any wax upon the tread. The case is therefore distinguishable from *Judson* v. *American Railway Express Co.* 242 Mass. 269, and *Ventromile* v. *Malden Electric Co.* 317 Mass. 132.

The jury could find that the spot where she slipped was worn down at the edge at least an inch, that it was not in a reasonably safe condition, and that considering the material in which the wear occurred and its extent the defend-

ant ought reasonably to have discovered it. Worn conditions in terrazzo or marble stairs either at the edge or next to the nosing have been held to present a question of fact as to the negligence of the one in control of the stairway. We are not aware of a case where the facts are precisely the same as in the instant case. In *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300, the step was worn down five eighths of an inch at the edge, but it also appeared that the supporting hand rail which the plaintiff grasped was not rigid but consisted of rope which was not taut and did not prevent her from falling as she stepped on the worn tread. The jury had the right to consider both the worn tread and the loose hand rail as contributing to her fall. The case at bar resembles and in general is governed by *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139, *Loudon* v. *Beaulieu*, 277 Mass. 33, *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, *Pauley* v. *Brockton Savings Bank*, 305 Mass. 517, *Corcoran* v. *United Markets, Inc.* 314 Mass. 26, and *McCollum* v. *United Markets, Inc.* 323 Mass. 32.

In the opinion of a majority of the court, the exceptions are overruled.

*So ordered.*