HELEN MULDOON *vs.* SAMUEL A. FULLER, JUNIOR.

Suffolk.    October 5, 1960. — November 10, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Coal hole cover, Snow and ice, Use of way, One owning or controlling real estate. *Snow and Ice.*

Evidence that a coal hole cover maintained in a public sidewalk by the owner of an adjacent building was, as it had been for about two years, "worn . . . slippery and shiny," and was covered with snow, when a pedestrian slipped and fell on it, leaving a skid mark through the snow, warranted a finding of negligence on the part of the owner of the building toward the pedestrian.

TORT. Writ in the Superior Court dated April 16, 1957.

At the trial before *Vallely,* J., there was a verdict for the plaintiff. The defendant alleged exceptions.

*Philander S. Ratzkoff,* for the defendant.
*Francis X. Carroll,* for the plaintiff.

WHITTEMORE, J.   The jury could have found that the plaintiff's injuries resulted from slipping and falling when, on March 28, 1956, about 10 A.M., she stepped on a coal hole cover maintained by the defendant as owner of the adjacent building, in the public sidewalk of Bennett Street, Boston, the cover then being covered with snow and, as it had been for up to two years, "worn . . . slippery and shiny." A path had been shovelled in the sidewalk with the snow piled at the curb.   There was only a light covering of snow on the part of the cover nearer the building on which the plaintiff fell, but it was thick on the part nearer the curb. The plaintiff stepped aside to let another pedestrian pass and fell on the cover, leaving a skid mark through the snow.

It was not error to deny the defendant's motion for a directed verdict.   The possibly dangerous aspect of smooth glass and metal in a sidewalk even unaffected by the weather was recognized and ruled to be the basis of liability in the "Hyatt's patent cover" cases.   *Cromarty* v. *Boston,* 127 Mass. 329.   *Moynihan* v. *Holyoke,* 193 Mass. 26.   In *Lynch* v. *First Natl. Bank,* 309 Mass. 458, 462, it was held that the plaintiff could recover for a fall on shiny, smooth and worn metal letters imbedded in the sidewalk, which when installed had been impregnated with abrasive grit, the day being rainy, the sidewalk damp, and there being a "smooch mark" on one of the letters after the fall.   Accord, *Murray* v. *Donelan,* 333 Mass. 228 (wet piece of tin in floor).

Mere wear and consequent smoothness of travelled surfaces may not render them dangerous, *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, 575, *Shinkwin* v. *H. L. Green Co. Inc.* 318 Mass. 70, and little weight has been given to testimony that such surfaces are slippery.   *Risk* v. *Boston,* 317 Mass. 534, 537.   *Grace* v. *Boston Elev. Ry.* 322 Mass. 224, 227–228.   *Di Noto* v. *Gilchrist Co.* 332 Mass. 391, 392.   But the plaintiff's testimony of the presence of snow on the smooth metal and of the skid mark is evidence to support the characterizations.   *Lynch* v. *First Natl. Bank,* 309 Mass. 458, 460–461.   *Murray* v. *Donelan,* 333 Mass. 228. See *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass.

574, 575 (grease and oil on smooth metal treads on stairs).

Unlike the *Rosenthal* case, there is no question here of notice to the defendant of the condition of the cover and opportunity to correct it.

The defendant's duty of due care was not lessened because the cover was in a public sidewalk. *Mays* v. *Gamarnick*, 326 Mass. 139, 141. Liability does not arise because of the statutory duty to clear snow from the sidewalk. *Harrington* v. *Alessi*, 269 Mass. 433, 435–436 (defective coal hole cover). *Berman* v. *Massachusetts Bldg. Trust*, 332 Mass. 114, 115, 116. The presence of snow on the cover was of course foreseeable, as was the resulting slippery condition. A reasonably available means of making provision against this foreseeable probable danger lay in maintaining the cover in the condition which the defendant ascribed to another nearby cover as of an earlier date, with "corrugations on the surface . . . and roughness" and "crosses on it for traction."

Slippery condition cases, on which the defendant relies, are distinguishable. In *Grace* v. *Boston Elev. Ry.* 322 Mass. 224, 227–228, the court noted that for safety the cleats of the escalator tread and the metal comb had to be smooth, and that the term "slippery" as applied to these cleats conveyed no idea of a dangerous condition due to wear. In *Winer* v. *Boston & Maine R.R.* 336 Mass. 757, there was no evidence of any substance on the worn, shiny and smooth step. Compare *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203 (brass "nosing" on the edge of a platform at the top of the stairway, worn and smooth and very slippery). Distinguishable also is *Risk* v. *Boston*, 317 Mass. 534, 537, where the court noted that rounded curbing would by its nature be somewhat smooth and more slippery than a square curbing, and that the condition was not in the portion of the sidewalk designed primarily for travel.

We need not pause to reconcile all the cases dealing with liability for smooth and slippery conditions in the absence of grease, oil, snow or other substance contributing to the injury. This is not such a case.

*Exceptions overruled.*