GARDNER *v.* KIMBALL & *a.*

A promissory note, referred to in a deposition, and marked and sent with it to court by the magistrate who wrote the deposition, though not attached to it, may be read in evidence.

The overruling, by the presiding judge, of an objection to evidence made by the defendant not until the plaintiff has concluded his evidence and rested his case, is no ground for exception.

A verdict will not be set aside because a deposition, from which certain words in the reading had been excluded, was taken by the jury to their room through inadvertence, and without the knowledge of counsel.

ASSUMPSIT, on a promissory note, signed " Harriet G. Kimball, by Walter Griffin, attorney in fact." The note was referred to in depositions read at the trial, as marked " Exhibit A." A written paper, marked " Exhibit A," and purporting to be the note, was found by the court to have been marked and sent with the depositions by the magistrate who wrote them, though it was not attached to them. This paper was read in evidence as the note, subject to the defendants' exception. What purported to be a copy, certified from the records by the recorder of Cook county, Illinois, of the power of attorney, under authority of which it was claimed that Griffin made the note in suit, was read in evidence by the plaintiff. After the plaintiff had rested his case, the defendants excepted to the use of this copy as evidence.

A deposition from which, in the reading, certain words had been excluded by the court, was taken by the jury to their room, through

inadvertence, and without the knowledge of counsel. The court denied a motion to set aside the verdict for this cause, and the defendants excepted.

*Wheeler*, for the plaintiff.

*Worcester & Gafney*, for the defendants.

ALLEN, J.   The object of annexing to a deposition a note or other paper referred to in it, is to insure identification, and that the paper may be in court when the deposition is read in evidence.   But the court found that the note read in evidence at the trial of this cause, though not attached to the depositions, was marked and sent with them to the court by the magistrate who wrote them; and this is sufficient identification.   The note was properly read in evidence.

The objection to the copy of the power of attorney as evidence was not seasonably made.   Ordinarily, objections to evidence, unless made when it is first introduced and its bearing understood, will be considered to have been waived.   *Bassett* v. *Salisbury Manf. Co.*, 28 N. H. 452;   *Taylor* v. *Railway*, 48 N. H. 309.   The judge may entertain an objection to evidence made at any stage of the trial, and exclude it from consideration by the jury, if justice requires it—*Judge of Probate* v. *Stone*, 44 N. H. 593, 607; but he is not bound to entertain the objection when made out of season, and a refusal to do so is not error.

The mistake by which the deposition, from which some words had been excluded, went to the jury-room, is not a sufficient ground for setting aside a verdict.   It was the duty of counsel to see that only the proper papers were taken by the jury when they retired, and, in the absence of fraud or artifice, a verdict will not be disturbed because incompetent evidence may, through neglect of counsel whose duty it was to prevent it, have fallen into the hands of the jury.

*Judgment on the verdict.*

FOSTER J., did not sit.