ALICE DUCHARME

*v.*

THE NATIONAL BANK OF LEBANON.

*Paul Gilioli* and *Frank R. Fucci* (of Vermont), for the plaintiff.

*Norris Cotton* and *Atlee Zellers* (*Mr. Zellers* orally), for the defendant.

WOODBURY, J. The defendant admits that the stairs upon which the plaintiff fell were in its building and were under its control. The only question presented is whether there is in the record any evidence that the stairs were defective due to the defendant's negligence.

The plaintiff's husband testified that on February 13, 1939, the day before the alleged accident, he had occasion to go over the stairs in question and that he then found them very slippery. Later on in his testimony, however, he explained that he meant by slippery that the treads looked smooth, shiny and white as though they had been recently scraped and sanded. He also testified that when he used the stairs the janitor of the building was sweeping up sawdust and small shavings near the top of them, but that they were not varnished, oiled, waxed, greasy or dirty.

The plaintiff herself in describing the condition of the stairs at the time when she fell said "They looked real white. They looked more like new stairs to me and they did look awful slippery." She also said that they were somewhat soiled at the time when she fell but that she did not notice any sawdust, shavings, or accumulated rubbish upon them although when she got home she found some dirt and sawdust adhering to her coat. There is no evidence that the

stairs were improperly designed, lacked a proper hand rail, were unduly worn or rotten or were constructed of material unsuitable for the purpose.

Fairly construed the evidence shows only that the stair treads had recently been refinished and were smooth to the extent that sandpapering would make them so but it does not show that they were in any proper sense slippery. It indicates not that the stairs were defective, but that they were in excellent condition and entirely suitable for the use for which they were intended.

The defendant's motion for a nonsuit was properly granted.

*Judgment for defendant.*

All concurred.