Hillsborough,  }
  Oct. 1, 1940. } No. 3170.

KARL O. WIK *v.* SEARS, ROEBUCK & COMPANY.

*Frederic E. St. Cyr*, for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the defendant.

*Per Curiam.* Defendant's motions for a nonsuit and a directed verdict raise no substantial questions of law.

The findings of the referee that the defendant was negligent in failing to provide "a proper nosing of the edge of the treads," and also in maintaining them in a worn, wet and oily condition which rendered them unsafe, were fully sustained by the evidence, recapitulation of which would serve no useful purpose at this time. The evidence also sustains the conclusion of the referee that the plaintiff was injured "without any contributory negligence on his part." Although the plaintiff testified that he was in a hurry when he started for the basement, it did not conclusively appear that his haste resulted in any negligent conduct on his part which contributed to cause the accident.

A duly qualified expert witness called by the plaintiff testified that he examined the stairway in question after the accident, and in answer to the question, "Will you tell the jury what you found?" proceeded to describe the stairway in great detail, specifying several particulars in which he said that the construction was unusual and improper. No objection was made to this portion of the witness' testimony until his direct examination had been completed. The

defendant then moved that certain portions of the witness' testimony be stricken from the record, "namely, the fact that there were only two balusters on a riser, the fact of the height of the railing, the fact that a different kind of a cap ought to be had on the railing, the fact of the width of the treads and the fact that there is no center rail. I move that all be stricken from the record as having no bearing on this case, the plaintiff having testified that he went down the stairs without taking hold of any railing, that he fell on the second stair, grasped the railing at the time and the railing saved him from falling any farther and he slipped on account of the oily condition of the stairs." This motion was denied and the defendant excepted.

Defendant's counsel seem to assume that by reason of this motion they now occupy as favorable a position as though they had objected and excepted to the admission of this testimony at the time it was given. This assumption is unsound. "Objections to evidence, unless made at the earliest practicable moment after its introduction and its bearing is understood, will ordinarily be considered as waived." *Nutt* v. *Manchester*, 58 N. H. 226, 227; *Gardner* v. *Kimball*, 58 N. H. 202, 203. In the present case the referee may have considered that objection was not seasonably made in accordance with the above rule. Counsel for the defendant sat by and allowed the witness to testify at length, without objection, in regard to the alleged defects in the stairway. If it were true that many of these details of construction had no bearing upon the plaintiff's claim as outlined in his testimony, that fact may have been obvious to counsel long before the direct examination of the witness was completed. By their silence, the referee might properly have considered that any possible objections to the testimony were waived. Any subsequent motion or request designed to relieve the defendant from the consequences of their conduct invoked only the discretion of the referee, subject to the control of the trial court. But the question whether or not the referee with the concurrence of the court below exercised discretion in ruling on the motion or ruled upon the question presented as a matter of law is one we need not determine. The reason for this is that the detailed findings of the referee indicate that the expert testimony objected to was not relied upon by him in reaching his conclusion of the defendant's fault. So, if a ruling of law was erroneously made, no harm was done by it. The defendant's exception to the denial of its motion to strike out is therefore overruled.

*Judgment on the verdict.*