### JAICH, Plaintiff-Appellant, v. BELKIN et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22059. Decided February 5, 1951.

M. P. O'Brien, Cleveland, for plaintiff-appellant.
Crossen & Chamberlain, Cleveland, for defendant-appellees.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the 9th District sitting by designation in the 8th District.)

80

## OPINION

By STEVENS, PJ.

In this appeal upon questions of law from a judgment for plaintiff for $5000.00, growing out of a fall by the plaintiff in defendant's store, there are five assignments of error, here presented:

1. Error in the charge of the court on the "hand rail statute," §1006 GC:

2. Error because of the trial court's refusal to direct a verdict for defendant at the conclusion of all the evidence;

3. Refusal of the court to charge that the defendant is not an insurer, as requested orally by defendant at the conclusion of the general charge;

4. This assignment is abandoned by the plaintiff.

5. Excessiveness of the verdict.

The record in this case establishes conclusively that the plaintiff slipped and fell on the bottom step of the top flight of steps and that at the locus of her slipping there was a hand rail which fully complied with the requirements of §1006 GC.

There is no evidence of a defective stairway either from wear or structural defects. There is evidence that there was no hand rail at the location of the landing and the three steps leading therefrom. This, however, is not the location of plaintiff's fall.

From our examination of this entire record, we are unanimously of the opinion that at the conclusion of all the evidence there was no issue requiring submission to the jury by the court and the trial court should therefore have directed a verdict for defendant at the conclusion of all the evidence.

Having failed to do so, it is the duty of this court to enter the judgment which the trial court should have entered.

The judgment for plaintiff is reversed and reasonable minds being able to reach but one conclusion and that adverse to the claims of plaintiff, final judgment is entered for the defendants.

Reversed and final judgment for defendants. Ex. Order see journal.

HUNSICKER, J, DOYLE, J, concur.