ALBA CELENIA TORRES, Plaintiff and Appellee, *v.* METROPOLI-
TAN SCHOOL OF COMMERCE, ETC., ET AL., Defendants and
Appellants.

Nos. R-64-22, R-64-25, and R-64-27.     Decided October 6, 1964.

*F. Fernández Cuyar* and *Amancio Arias Cestero,* counsel for Eduardo Álvarez. *Jorge Luis Suárez,* counsel for Metropolitan School of Commerce and/or Pablo J. Quiñones. *Martín Almodóvar,* counsel for Alba Celenia Torres.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The owner of a building, Eduardo Álvarez, and the lessee of the third floor of that property, Metropolitan School of Commerce and/or its director, Pablo J. Quiñones, were solidarily ordered to pay 50 percent of the damages sustained by Alba Celenia Torres, appellee herein, as a result of a fall while descending the stairway leading from that floor to the second floor of the building. The trial judge determined that:

"2. . . . The lease contract existing between the educational institution and the landlord *did not include the stairway leading to the third floor. The school, however, paid a janitor to clean the portion of the stairway leading from the second to the third floor.*" (Italics ours.)

"3. That portion of the stairway is constructed of reinforced concrete with steps 10 inches wide covered with tiles. The width of the stairway is approximately four feet and it has only one handrail on the outside. On the opposite side there was only the wall of the building without a handrail to be used by the persons going by that side. However, the portions of the stairway leading from the first to the second floor had handrails or banisters on both sides."

"            .      .      .      .      .      .      .      ."

"6. Around noontime of November 9, 1959, plaintiff visited the school to get her diploma accrediting the studies pursued, which was required by a potential employer with whom she was seeking employment. She was wearing a dress with a close-fitting skirt which limited the free movement of her legs, and shoes with very fine and high heels. While descending from the third to the second floor in that establishment, she did it *by the side of the portion of the stairway where there was no handrail or banister. She did so perhaps upon orders or instructions of the school to descend by the right-hand side of the stairway.* At a certain point she fell and rolled down six steps.

"            .      .      .      .      .      .      .      ."

"10. *The court is not convinced that the stairway was wet at the locus of claimant's falling, wherefore it decides adversely*

*the conflict in the evidence on this point.* It concludes, however, that this accident was produced by a set of circumstances, to wit:

"(1) The smooth surface of the tiles which covered the stairway.

"(2) The type of shoes which plaintiff was wearing.

"(3) The dress which plaintiff was wearing.

"(4) The absence of a handrail or a banister on the side of the stairway used by claimant.

"Although the tiles were not by themselves essentially slippery, however, their smooth surface did not exert much traction on the footsteps, wherefore it was possible to slip on them when walking under the conditions in which plaintiff did. Had there been a second handrail on the side of the stairway adjoining the wall of the building, plaintiff could have prevented the spectacular fall down the six steps." (Italics ours.)

"11. Neither the defendant Metropolitan School of Commerce nor its director ever required the lessor to maintain on the stairway leading to the third floor an additional handrail or banister, which is useful and necessary as a measure to prevent accidents to the many students using that access. Nor did it adopt measures of any kind to supply this need."

On the basis of these determinations, the trial court concluded that appellants were guilty of fault or negligence, to which 50 per cent of the liability for the accident is attributable, due to *"the omission of the lessor to provide a banister or handrail at the place of the accident, which could be readily anticipated, the order or instructions of the defendant school which obligated or led plaintiff to use the side of the stairway which had no banister or handrail, and their omission to make arrangements with the lessor to provide the necessary banister.* It is logical to infer that such circumstances concurred with plaintiff's contributory negligence, and that all of them were the proximate causes which produced the unfortunate accident giving rise to the present litigation." (Italics ours.)

Appellants maintain that the judgment is erroneous, briefly, because the absence of the handrail could not by

itself be the cause of the fall, and because there was no evidence that the tiles were worn down, or had been refinished, or were very smooth or essentially slippery, and because the cases cited by the trial court in support of its determination are clearly distinguishable.

■ It is evident that the trial court determined that appellants were guilty of fault or negligence which gave rise to the accident in question, because "of their failure to provide a banister or handrail at the place of the accident." In our opinion, such failure does not constitute by itself evidence of negligence, unless it constitutes a violation of a statute or ordinance, or where the steps of the stairway have been constructed or maintained in such a manner that they can be considered as a hazard for the persons using it. *Flynn* v. *Arcade Investment Co.*, 91 N.W.2d 113–15 (Minn. 1958); *Jeske* v. *George R. Wolff Holding Co.*, 83 N.W.2d 729 (Minn. 1957); *Horvath* v. *Chestnut St. Realty Co.*, 144 S.W.2d 165 (Mo. 1940); *Pruitt* v. *Timme*, 349 P.2d 4–6 (Okla. 1959); *Bizich* v. *Sears, Roebuck & Co.*, 139 A.2d 663 (Pa. 1958); *Anderson* v. *Younker Bros. Inc.*, 89 N.W.2d 858 (Iowa 1958); *Ullrich* v. *Kintzele*, 297 S.W.2d 602 (Mo. 1957); *Opelika Montgomery Fair Co.* v. *Wright*, 52 So.2d 404 (Ala. 1950); *Babcock* v. *Prudential Ins. Co. of America*, 60 N.E.2d 495 (Ohio 1944); *Mammana* v. *Easton Nat. Bank*, 12 A.2d 918 (Pa. 1940).[1]

In this case the trial court did not point out any of the additional factors requiring the maintenance of the handrail omitted.

The trial court points out that one of the factors which "produced the accident" was "the smooth surface of the tiles which covered the stairway," adding that "Although the tiles were not by themselves essentially slippery, however, their smooth surface did not exert much traction on

---

[1] *Cf. Just* v. *Moreno*, 63 P.R.R. 647 (1944).

the footsteps, wherefore it was possible to slip on them when walking under the conditions in which plaintiff did."

It is evident that the tiles of the stairway in question were not slippery. The fact that their smooth surface did not exert much traction so that it was possible to slip on them when walking under the special conditions in which appellee did, that is, wearing "a dress with a close-fitting skirt which limited the free movement of her legs and shoes with very fine and high heels," does not constitute such a degree of hazard as to imply negligence on the part of appellants in the performance of their duties to the persons who visited or walked around the property on business (licensees), particularly since the situation in this case had to be known to appellee because of the many times that she ascended and descended the stairway while she was a student of Metropolitan School of Commerce. For the purpose of imposing liability in cases of this nature, the stairway or its steps, or both, should be defective either from use, structural defect, or maintenance, and this should be the proximate cause of the accident. *Jaich* v. *Belkin*, 106 N.E.2d 88 (Ohio 1951). It cannot be concluded that a stairway is defective merely because the steps look worn or smooth from use. *Ducharme* v. *Nat. Bank of Lebanon*, 15 A.2d 884 (N.H. 1940); *Lawson* v. *D. H. Holmes Co.*, 200 So. 163 (La. 1941); *Charanis* v. *R. H. Macy & Co.*, 24 N.E.2d 487 (N.Y. 1939); *Rosenthal* v. *Central Garage of Lynn*, 181 N.E. 660 (Mass. 1932); *Walker* v. *F. & W. Grand 5-10-25 Cent Stores*, 137 Atl. 563 (N.J. 1927); *Chapman* v. *Clothier*, 118 Atl. 356 (Pa. 1922). The omission to provide handrails on a stairway which has become slippery from use, and this condition was known to the injured party, does not constitute negligence. *Stoll* v. *First Nat. Bank of Independence*, 132 S.W.2d 676 (Mo. 1939). Defective stairways, for the purpose of imposing liability in these cases, are those whose steps are worn down, broken, have holes,

are cracked, loose, have protruding nails or screws, or whose size or shape is irregular, worn down, smooth as glass, and very slippery. *Wattels* v. *Marre*, 303 S.W.2d 9 (Mo. 1957); *Pritchard* v. *Terrill*, 222 P.2d 652 (Ore. 1950); *McCollum* v. *United Markets*, 80 N.E.2d 29 (Mass. 1948); *Corcoran* v. *United Markets*, 49 N.E.2d 250 (Mass. 1943); *Wik* v. *Sears, Roebuck & Co.*, 15 A.2d 870 (N.H. 1940); *Scott* v. *Rich's*, 171 S.E. 201 (Ga. 1933). See, also, 64 A.L.R.2d 398, 487, and 471, and the cases of defective construction or design cited in 25 A.L.R.2d 364, 372, 373.

■ A tiled stairway is very common in this jurisdiction. To conclude that the stairway in this case was defective solely because the tiles were smooth from use and because it had no handrail on one side, and in the absence of a showing that there was some impediment to the use of the existing handrail to the point that that condition may constitute sufficient evidence of negligence of the one who owns or controls it, is to impose an unfair and unreasonable liability on the owners or lessees of dwellings or other real property.

The case law in this jurisdiction cited by the trial court in support of its findings is not applicable or is clearly distinguishable. In *Goose* v. *Hilton Hotels*, 79 P.R.R. 494 (1956), the circumstances were very different, since the stairway was almost twice as wide; the steps had smooth nosing on the edge and were wet, and at the time of the accident it was being used by other persons in addition to the plaintiff, so that it was evident that he had no opportunity to protect himself with the only handrail available, a circumstance which does not arise from the evidence in this case. It was further concluded that the 3-inch nosing of smooth cement on the edge of each step constituted a trap for a 50-year old guest such as plaintiff in that case, *because of the fact that it was always wet.* Subsequently, a second handrail was installed and the stairs were covered with rubber matting. In *Ramírez* v. *Hotel Condado*, 68 P.R.R.

880 (1948), *the accident was due to a defect in one of the steps of a stairway. It was conceded that the stairway was defective.* In *Prado* v. *Quiñones*, 78 P.R.R. 309 (1955), the accident was due to the fact that a plank which served as provisional passage while certain repairs were being made moved abruptly, because it was loose, as plaintiff walked over it, causing her to lose her balance and to fall. In *Ramos* v. *Carlo*, 85 P.R.R. 337 (1962), the accident was due to some metal straps which defendant was placing on a sidewalk. In *Cole* v. *Escambrón Development Co.*, 73 P.R.R. 477 (1952), the accident was caused by the collapse of the floor of a dancing hall the beams of which, that supported the platform of the floor, were in an advanced state of deterioration so that they were a menace because they could not furnish adequate support to the platform. In the case under consideration it is evident that the stairway did not have any defect such as that which occasioned the accident in *Goose, supra, Ramírez, supra, Prado, supra, and Cole, supra,* and that that stairway was not obstructed by any object unduly placed on it by one of appellants, as was the case in *Ramos, supra.*

In *Weber* v. *Mejías*, 85 P.R.R. 72 (1962), the owner of a building was held liable for the damages suffered by a woman who sustained a fall on an outside stairway of that property. This case is also clearly distinguishable from the present case. Contrary to the situation here, in *Weber, supra* the stairway had no handrails at all, it was an outside stairway which was wet when the accident occurred; the treads of the steps were so narrow that there was not sufficient space to place the foot; the finish of the tread was of "totally smooth" concrete which made it intrinsically slippery; the steps had a cement nosing, polished and smooth, with a bevelled edge; the angle of inclination of the stairway was excessively and inherently dangerous; plaintiff exercised utmost care in descending it. We therefore concluded that

"the efficient cause of the accident was keeping a stairway with smooth steps and that because these were exposed they became slippery when wet."

■ Appellee alleges before us, for the first time in the case, that the omission of the second handrail on the stairway in question constitutes a violation of § 43-864 of Planning Regulation No. 7 (Building), which requires that all stairways must be provided with handrails on both sides, except when they are less than 44 inches wide; that in this case the stairway was at least 48 inches wide, and that therefore defendants are liable for the damages suffered by appellee. This contention is without merit in the absence of evidence on the applicability of that regulation to the structure in this case, since it does not appear from the record that the building was constructed subsequent to the effectiveness of that regulation. It was not shown that plaintiff was prevented from using the existing handrail, since the school regulation was no longer applicable to her, nor did it appear that other persons were ascending to the third floor at the same time that she was descending. In any event, the evidence did not show that the stairway had any defect which was the efficient cause of the accident.

In view of the foregoing, the judgment rendered in this case will be reversed and the complaint dismissed.

Mr. Chief Justice Negrón Fernández dissented although he deems that the award of attorney's fees was improper.